**REVERSE and REMAND and Opinion Filed July 16, 2024**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00225-CR

## EX PARTE JOSUE RIGOBERTO FLORES-SERVELLON

**On Appeal from the County Court**
**Jim Hogg County, Texas**
**Trial Court Cause No. 1076C**

## MEMORANDUM OPINION

Before Justices Garcia, Breedlove, and Kennedy
Opinion by Justice Breedlove

Appellant Josue Rigoberto Flores-Servellon is a noncitizen who was arrested under Operation Lone Star (OLS) and charged with the misdemeanor offense of criminal trespass.[1] Following his arrest, appellant filed an application for a pretrial writ of habeas corpus in which he requested the issuance of a habeas writ and a dismissal of the underlying charge.[2] Appellant contended he was the subject of selective prosecution in violation of state and federal constitutional equal protection

---

[1] This appeal was transferred from the Fourth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Accordingly, we apply the Fourth Court of Appeals' precedent to the extent required by Texas Rule of Appellate Procedure 41.3. TEX. R. APP. P. 41.3.

[2] We note the State declined to file an appellate brief or a response to appellant's writ of habeas corpus.

principles. The habeas court denied his application on the merits, and appellant appealed, arguing the habeas court erred in not granting his requested relief. Based on the reasoning below, we reverse and remand to the habeas court with instructions to enter an order dismissing appellant's criminal case with prejudice.

## I.    STANDARD OF REVIEW

In reviewing the merits of a habeas court's decision to grant or deny habeas corpus relief, we defer to the habeas court's assessment of the facts when those facts turn on an evaluation of credibility and demeanor. *Ex parte Perusquia*, 336 S.W.3d 270, 274–75 (Tex. App.—San Antonio 2010, pet. ref'd); *Ex parte Quintana*, 346 S.W.3d 681, 684 (Tex. App.—El Paso 2009, pet. ref'd). And we view the facts in the light most favorable to the habeas court's ruling, upholding it absent an abuse of discretion. *Id.*; *see also Ex parte Trevino*, 648 S.W.3d 435, 439 (Tex. App.—San Antonio 2021, no pet.) (recognizing that an appellate court views the facts in the light most favorable to the habeas court's ruling). Reviewing courts must also grant deference to implicit findings of fact that support the habeas court's ultimate ruling. *Perusquia*, 336 S.W.3d at 275 (*citing Ex parte Wheeler*, 203 S.W.3d 317, 324 n.23 (Tex. Crim. App. 2006)). However, "[i]f the resolution of the ultimate question turns on an application of the law, we review the determination de novo." *Id.*; *see also Ex parte Vazquez-Bautista*, 683 S.W.3d 504, 510 (Tex. App.—San Antonio 2023, pet. filed) (recognizing same in the context of an appeal from a habeas court's decision granting an OLS applicant's pre-trial petition for a writ of habeas corpus).

–2–

To prevail on a writ of habeas corpus, the applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). Habeas corpus is a remedy available to applicants who are "restrained in their liberty." *See* TEX. CODE CRIM. PROC. art. 11.01.

## II. APPELLANT'S ARREST AND APPLICATION FOR A PRETRIAL WRIT OF HABEAS CORPUS

On March 6, 2021, Governor Greg Abbott directed the Texas Department of Public Safety (DPS) to initiate OLS "to deter[ ] illegal border crossing and . . . prevent criminal activity along the border." *Ex parte Aparicio*, 672 S.W.3d 696, 701 (Tex. App.—San Antonio 2023, pet. granted).

As part of OLS, appellant, a noncitizen, was arrested for misdemeanor criminal trespass in Jim Hogg County on May 28, 2022. Appellant then filed an application for a pretrial writ of habeas corpus seeking dismissal of the criminal charge, arguing his rights had been violated under the United States Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment, because the State was selectively prosecuting men, and not similarly situated women, for criminal trespass under the OLS. *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 3a.

Appellant attached several exhibits supporting his claim that the State had a policy of arresting only noncitizen men for criminal trespass while referring

–3–

similarly situated noncitizen women to Border Patrol. Among the exhibits was an affidavit from Maverick County Sherriff Tom Schmerber stating he was "told by DPS that only men would be arrested on criminal trespass charges as part of OLS" and that it was DPS's "policy that women would not be arrested for criminal trespass."

Additionally, the trial court conducted a hearing on appellant's habeas application. During the hearing, appellant presented testimony from DPS trooper Joe Guadalupe Hernandez. Hernandez testified that when OLS began there was no directive to arrest females; he was instructed to only arrest males.

Hernandez stated that at the time he arrested appellant for criminal trespass on May 28, 2022, the policy of arresting men only was still in place. In fact, Hernandez testified that two females were with appellant at the time he was arrested, yet Hernandez did not arrest the females and instead turned them over to U.S. Border Patrol.

Appellant also presented testimony from Trace Segundo, an assignments coordinator at the Lubbock Private Defender's Office (LPDO). Segundo explained that LPDO is the organization responsible for assigning counsel to indigent defendants arrested pursuant to OLS. Segundo generated a report for the writ hearing that showed the total number of OLS cases in which the LPDO had appointed counsel to OLS indigent defendants. In Jim Hogg County, Segundo reported the

LPDO had appointed counsel for 493 defendants charged with criminal trespass and that not one of the 493 defendants was female.

Additionally, Segundo testified that a part of her job is to review OLS probable cause affidavits. During her review of the affidavits, Segundo saw cases where men were arrested for trespassing alongside women. To Segundo's knowledge, none of the women had been prosecuted for criminal trespass through the end of September 2022.

The habeas court subsequently denied appellant's application, and appellant filed a notice of appeal. For the reasons set forth below, we reverse the habeas court's denial of relief.

## III. WE REVERSE AND REMAND FOR DISMISSAL OF THE CHARGE

Appellant argues the habeas court erred by denying his selective prosecution claim because he properly raised his claim in pretrial habeas writ, he established a prima facie case of sex discrimination, and the State failed to justify its discriminatory policy. We agree with appellant.

### A. Appellant's pretrial selective prosecution equal protection claim is cognizable on habeas.

We start with appellant's argument that his claim of selective prosecution is cognizable in a pretrial writ of habeas corpus. The Fourth Court of Appeals considered this issue and concluded a "selective-prosecution claim on the basis of equal protection is the type of claim 'in which the protection of the applicant's

substantive rights or the conservation of judicial resources would be better served by interlocutory review.'" *Aparicio*, 672 S.W.3d at 709 (quoting *Ex parte Ingram*, 533 S.W.3d 887, 892 (Tex. Crim. App. 2017)). Accordingly, the Fourth Court of Appeals held the claim was cognizable in a pretrial habeas proceeding. *Id.* We follow the on-point precedent of the Fourth Court of Appeals and hold appellant's pretrial habeas claim is cognizable.[3] *See* TEX. R. APP. P. 41.3 (holding a transferee court must follow the precedent of the transferor court).

## B. Appellant met his burden to establish a prima facie claim of selective prosecution.

We next consider whether appellant met his burden of proving a prima facie claim of discrimination. To establish a prima facie case of selective prosecution, appellant must show the "prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" *United States v. Armstrong*, 517 U.S. 456, 465 (1996) (*quoting Wayte v. United States*, 470 U.S. 598, 608 (1985)). To establish a discriminatory effect in a selective prosecution case based on gender discrimination, appellant had to show similarly situated individuals of the opposite sex were not prosecuted for the same conduct. *See id.* (stating standard with respect to race discrimination); *Robles v. State*, 585 S.W.3d 591, 597 (Tex. App.—Houston

---

[3]We note the Court of Criminal Appeals granted the State's petition for discretionary review. *See Aparcio v. State*, No. PD-0461-23, 2024 WL 178283 (Tex. Crim. App. 2024). In the petition, the State argues the court erroneously concluded Aparicio's claim was cognizable in a pretrial writ of habeas corpus. The Court of Criminal Appeals, on its own motion, granted review on the following ground:

Whether the Court of Appeals erred in reversing the habeas court's finding that Appellant failed to establish a prima facie case of selective prosecution on the basis of sex discrimination. *See id.*

[14th Dist.] 2019, pet. ref'd) (applying *Armstrong* standard to gender discrimination). To demonstrate the prosecution was motivated by a discriminatory purpose, appellant had to show the State's selection of him for prosecution was based on an impermissible consideration like gender. *See Wayte*, 470 U.S. at 610*; Lovill v. State*, 287 S.W.3d 65, 79 (Tex. App.—Corpus Christi-Edinburg 2008), *rev'd on other grounds*, 319 S.W.3d 687 (Tex. Crim. App. 2009).

In *Aparicio*, the Fourth Court held the State's policy of prosecuting men but not women for trespass established a prima facie case of sex discrimination. *See Aparicio*, 672 S.W.3d at 713–15. Like the appellant in *Aparicio,* appellant introduced evidence demonstrating the State prosecuted men but not women trespassers as part of OLS and that this policy was in effect when the State arrested him on May 28, 2022.

Appellant's evidence—including the affidavit from Maverick County Sherriff Tom Schmerber stating he was "told by DPS that only men would be arrested on criminal trespass charges as part of OLS" as well as Hernandez's testimony that he was instructed to arrest only males and Segundo's testimony that not one of the 493 defendants arrested in Jim Hogg County for criminal trespass was female—demonstrates appellant's gender was the reason he was prosecuted. Accordingly, we hold appellant established by a preponderance of the evidence a prima facie case of sex discrimination by showing OLS had a discriminatory effect and it was motivated

by a discriminatory purpose. *See Armstrong*, 517 U.S. at 465; *Ex parte Richardson*, 70 S.W.3d 865, 871 (Tex. Crim. App. 2002); *Aparicio*, 672 S.W.3d at 714.

### C.     The State failed to adequately justify its decision to discriminate.

We now turn to appellant's final argument in which he asserts the State did not meet its burden of justifying its discriminatory conduct under the United States Constitution or the Texas Constitution. *See Aparicio*, 672 S.W.3d at 716. With regard to appellant's claim under the Texas Constitution's Equal Rights Amendment, the State had to show that its discriminatory classification is narrowly tailored to serve a compelling governmental interest. *Id.* With regard to his federal equal protection claim, the State had to show "that the classification serves 'important governmental objectives and that the discriminatory means employed' are 'substantially related to the achievement of those objectives.'" *Miss. Univ. for Women v. Hogan*, 458 U.S. 718, 724 (1982) (quoting *Wengler v. Druggists Mut. Ins. Co.*, 446 U.S. 142, 150 (1980)).

The Fourth Court of Appeals has rejected attempts by the State to justify its policy of gender discrimination under both the United States Constitution and Texas Constitution. *See State v. Compean*, No. 04-22-00886-CR, 2023 WL 8104870, at *2 (Tex. App.—San Antonio Nov. 22, 2023, pet. filed) (mem. op., not designated for publication); *State v. Rodas*, No. 04-22-00885-CR, 2023 WL 8103194, at *2 (Tex. App.—San Antonio Nov. 22, 2023, pet. filed.) (mem. op., not designated for publication); *State v. Gomez*, No. 04-22-00872-CR, 2023 WL 7552682 at *5-6 (Tex.

App.—San Antonio Nov. 15, 2023, pet. filed) (mem. op., not designated for publication). In those cases, the Fourth Court of Appeals held although security at the border may be considered a compelling interest, the State failed to demonstrate that its actions were narrowly tailored to serve that interest. *Id.* Additionally, the Fourth Court has rejected the State's attempts to justify "that the classification serves 'important governmental objectives and that the discriminatory means employed' are 'substantially related to the achievement of those objectives.'" *Id.* Thus, for the same reasons explained in those cases, we hold the State failed to justify its policy of gender discrimination.

**D.      We direct the habeas court to enter an order of dismissal.**

The proper remedy in this case is to reverse the habeas court's order denying appellant's writ application, without the necessity of remanding for any further proceedings on the merits of his claims and direct the habeas court to enter an order of dismissal. The sole purpose of an appeal from a habeas court's ruling is to "do substantial justice to the parties," and in resolving such an appeal, we may "render whatever judgment . . . the nature of the case require[s]." Tex. R. App. P. 31.2, .3. And under the circumstances of this case, we do not believe it would do substantial justice to the parties to remand for any further proceedings on the merits.

Here, the State has not requested we remand this case to the habeas court for further proceedings to give it the opportunity to present additional evidence or arguments on the issue. Accordingly, because there is no dispute in the present case,

either in the law or in the facts, on the question of whether the State unjustifiably engaged in gender discrimination against appellant, we conclude it would be an "exercise in futility" to remand for further proceedings on the merits. *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 479–80 (5th Cir. 2018) (where facts and law were well-settled, court recognized that it would be an "exercise in futility" and "diminish judicial economy" to remand to the habeas court for further proceedings, where there was a "high likelihood" that the same issue would return to the court in a subsequent appeal, thereby further prolonging the litigation unnecessarily). As well, we find that remanding to the habeas court for additional proceedings on the merits would unnecessarily cause further delays in resolving appellant's habeas claim, which cuts against the principle that habeas proceedings should be handled in an expedited manner. *Ex parte Johnson*, 876 S.W.2d 340, 343 (Tex. Crim. App. 1994) (finding it appropriate to issue a writ of habeas corpus, without remanding to the habeas court, by utilizing its habeas corpus jurisdiction and power to "expedite a fair resolution of the unconstitutional situation the courts below have created for this applicant"); TEX. R. APP. P. 31.2(b) (providing that an appeal in a habeas corpus proceeding other than one challenging a defendant's conviction or placement on community supervision, "shall be submitted and heard at the earliest practicable time").

## IV.   CONCLUSION

The habeas court erred as a matter of law in denying appellant's application for a pretrial writ of habeas corpus on the merits. Accordingly, we reverse the habeas court's order and remand to the habeas court to grant the writ and dismiss with prejudice the misdemeanor criminal trespass charge against appellant.

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
240225F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE JOSUE RIGOBERTO
FLORES-SERVELLON

No. 05-24-00225-CR

On Appeal from the County Court,
Jim Hogg County, Texas
Trial Court Cause No. 1076C.
Opinion delivered by Justice
Breedlove. Justices Garcia and
Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

Judgment entered July 16, 2024